Daniel E. Fitzpatrick, J.
The respondents in this article 78 CPLR proceeding move for an order “ to reargue and reconsider the petitioner’s application, and upon such reargument and reconsideration, to remit the above proceeding to the Department of Health for a full rehearing with right to cross-examination and representation by counsel ”.
Heretofore, petitioner, the owner of a collie named Pete, allegedly born in April, 1964, initiated these proceedings by an order dated August 8, 1966 to restrain and set aside the determination of the Department of Health, Borough of Queens, to destroy said animal upon the ground, principally, that petitioner ‘ ‘ was not afforded the right to a lawful hearing either before an administrative body or a court of law, was not advised of [his] legal rights nor of [his] right of counsel ”. Respondents cross-moved for an order dismissing the petition for legal insufficiency pursuant to CPLR 7804 (subd. [f]).
Following oral argument, the court reserved decision on the cross motion. Since, however, the determination of the Board of Health for the destruction of the dog was not bottomed upon *362 a hearing (see Fucelli v. American Soc. for Prevention of Cruelty to Animals, 23 N. Y. S. 2d 983 and the authorities cited at p. 987), although on May 25, 1966 the Department of Health forwarded a letter to petitioner by certified mail inviting him to telephone the Division of Veterinary Medicine “ to arrange for a hearing ”, the court made an order dated August 19, 1966 directing a hearing to be held on August 24, 1966 before Honorable Samuel S. Tripp, the Special Beferee of this court. Therein, the said Beferee was directed to take testimony and report his findings upon the following issues:
“ 1. Did the subject dog Pete ’ in fact bite, with or without provocation, a person or various persons on three separate occasions within the period of twenty-four months, commencing August 13,1965 to June 8,1966!
‘ ‘ 2. The severity of each of such bites.
‘1 3. Did the person or persons bitten obtain medical treatment!
“ 4. Was such medical treatment necessary! ”
These issues were based upon the following pertinent paid of subdivision (b) of section 161.07 of the New York City Health Code, pursuant to which the determination under review was made: “ (b) A dog or other animal which has bitten a person or various persons on three separate occasions within a period of 24 months, with or without provocation, when the bite in each instance was of sufficient severity so that medical treatment was required by the person bitten shall be surrendered to the Department by the person who owns, possesses or controls it and shall be destroyed by the Department.”
In the supporting affidavit of the Assistant Corporation Counsel of the City of New York, it is stated in pertinent part as follows:
“ 7. The Department of Health, through its counsel, Harry Hollander, has advised me that the Department is ready, able and willing to give the petitioner a new hearing with his right to representation by counsel, the right to cross-examine and the right to introduce evidence to disprove the allegations of the bites by the petitioner’s dog.
* * #
“ 9. In the meantime, there is an order staying the destruction of said dog. Therefore, the petitioner will suffer no loss, pending any rehearing in the Department of Health. In fact, in the event the petitioner feels aggrieved by any determination by said Department on such rehearing he still, if he is so advised, may bring an Article 78 proceeding in this Court.”
*363 In view of the foregoing and the decision in the First Department in Matter of Wetzig v. Department of Health of City of N. Y. (282 App. Div. 938) and of Mr. Justice McGeehan in Matter of Marrone (Weinstein) (N. Y. L. J., March 14, 1947, p. 1015, col. 1) in which similar matters were remitted for a hearing to the Board of Health, reargument is granted and the order of reference dated August 19, 1966 is vacated.
In respect to the petition annexed to the original order to show cause dated August 8, 1966, the cross motion to dismiss it is denied. Under the circumstances presented, the petition is granted and the present determination of the respondents to destroy petitioner’s dog is vacated without prejudice. The matter is remitted to the Board of Health for a hearing to be held upon notice to the petitioner. At such hearing he shall have the right to representation by counsel, to cross-examine and to introduce evidence relevant and material to the allegations of bites by his dog contained in the return and affidavits in opposition. Thereupon, the Board of Health shall make findings of fact in support of whatever determination it may reach upon all of the evidence. If aggrieved by the new determination, petitioner “ if he is so advised, may bring an Article 78 proceeding in this Court.” (See supporting affidavit on motion for reargument.) The destruction of the subject dog Pete is stayed until the elapse of 10 days following written notice to the petitioner of any adverse new determination.